UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
-------------------------------------------------x
DEBORAH CHIN, on behalf of herself              :
and all others similarly situated,              :
                                                :   Civil Action No.04-cv-10308-
                                                :   DPW
              Plaintiff,                        :
                                                :
      -against-                                 :
                                                :
SONUS NETWORKS, INC., HASSAN AHMED              :
and STEPHEN J. NILL,                            :
                                                :
                                                :
              Defendants.                       :
-------------------------------------------------x
-------------------------------------------------x
WHEATON ELECTRICAL SERVICES                     :
RETIREMENT 401K PROFIT SHARING PLAN,            :
on behalf of herself                            :
and all others similarly situated,              :
                                                :
                                                :   Civil Action No.04-cv-10383-DPW
              Plaintiff,                        :
                                                :
      -against-                                 :
                                                :
SONUS NETWORKS, INC., HASSAN AHMED              :
and STEPHEN J. NILL,                            :
                                                :
                                                :
              Defendants.                       :
-------------------------------------------------x
```

**[PROPOSED] ORDER APPOINTING LEAD PLAINTIFF
AND APPROVING THE SELECTION OF LEAD COUNSEL
FOR THE SONUS NETWORKS CLASS**

WHEREAS, Mohammed Akhtar has filed a Motion for appointment as Lead Plaintiff and approval of its selection of Lead Counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), a Memorandum of Law in support thereof and Declaration; and

WHEREAS, the Court has reviewed the submissions and heard oral argument on all issues raised by plaintiffs' motion,

IT IS HEREBY ORDERED THAT:

1. All actions filed in the District of Massachusetts which are related to above-captioned class actions are consolidated for all purposes, pursuant to Fed. R. Civ. P. 42(a), under Civil Action No. 04-CV-10308 (the "Action").

2. This Order shall apply to the above-referenced Action and to any and all cases that are subsequently filed in this Court or transferred to this Court that relate to or arise out of the same subject matter as the above-referenced Action.

3. This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case which might properly be consolidated as part of this Action.

4. When a case that arises out of the subject matter of this action is hereinafter filed in this Court or transferred from another Court, the Clerk of this Court shall:

   a. file a copy of this Order in the separate file for such action;

   b. mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and

   c. make the appropriate entry in the docket for this action.

5. Each new case which arises out of the subject matter of this Action that is filed in this Court or transferred to this Court shall be consolidated with this action and this Order shall apply thereto, unless a party objecting to this Order or any provision of this Order shall, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, file an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

6. During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer-generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or which may lead to the discovery of information relevant to the subject matter of the pending litigation.

7. Mohammed Akhtar has moved the Court to be appointed as Lead Plaintiffs in this Action and to approve the counsel it has retained to be Lead Counsel. Having

considered the provisions of § 21D (a) (3) (B) of the Securities Exchange Act, the Court hereby determines that Mohammed Akhtar is the "most adequate plaintiff" and that it satisfies the requirements of the PSLRA. The Court hereby appoints Mohammed Akhtar to be the Lead Plaintiff and to represent the interests of the Class in this Action.

8. Mohammed Akhtar has selected and retained the law firm of Pomerantz Haudek Block Grossman & Gross LLP to be Lead Counsel. The Court approves the selection of the Pomerantz Firm as Lead Counsel for the Class.

9. Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate:

   a. to coordinate the briefing and argument of any and all motions;

   b. to coordinate the conduct of any and all discovery proceedings;

   c. to coordinate the examination of any and all witnesses in depositions;

   d. to coordinate the selection of counsel to act as spokesperson at all pretrial conferences;

   e. to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

   f. to coordinate all settlement negotiations with counsel for defendants;

   g. to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required;

   h. to coordinate the preparation and filings of all pleadings; and

   i. to supervise all other matters concerning the prosecution or resolution of this Action.

10. No motion, discovery request or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of the Lead Counsel.

11. With the assistance of Local Counsel, Lead Counsel shall have the responsibility of receiving and disseminating Court orders and notices.

12. Lead Counsel shall be the contact between plaintiffs' counsel and defendants' counsel, as well as the spokesperson for all plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel. With the assistance of Local Counsel, Lead Counsel shall be the contact between the Court and plaintiffs and their counsel.

13. All counsel for plaintiffs in this Action and any subsequently filed action related to this Action shall submit to Lead Counsel detailed time reports reflecting the hours of work expended by each attorney, their billing rate and the subject matter of the work. Time reports shall be submitted on a quarterly basis with the first report due no later than one month following entry of this Order, and shall continue for each subsequent quarter thereafter or on such schedule as Lead Counsel shall determine. Any failure to timely submit such reports to Lead Counsel may result in the disqualification of such unreported time from being reimbursed from any common fund, which may be created in this Action.

14. Defendants shall effect service of papers on Plaintiffs by serving copies on Lead and Local Counsel by overnight delivery service, telecopy or hand delivery. Plaintiffs shall effect service of papers on defendants by serving copies on each of their counsel by overnight delivery service, telecopy or hand delivery.

**SO ORDERED.**

Dated: April _____, 2004
Boston, Massachusetts

			Honorable Douglas P. Woodlock
			United States District Court
			District of Massachusetts