UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------x
DEBORAH CHIN, on behalf of herself
and all others similarly situated,

                Plaintiff,

    -against-

SONUS NETWORKS, INC., HASSAN AHMED
and STEPHEN J. NILL,

                Defendants.
---------------------------------------------------------------x

Civil Action No.04-cv-10308-DPW

---------------------------------------------------------------x
WHEATON ELECTRICAL SERVICES
RETIREMENT 401K PROFIT SHARING PLAN,
on behalf of herself
and all others similarly situated,

                Plaintiff,

    -against-

SONUS NETWORKS, INC., HASSAN AHMED
and STEPHEN J. NILL,

                Defendants.
---------------------------------------------------------------x

Civil Action No.04-cv-10383-DPW

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
CONSOLIDATION OF RELATED CASES, THE APPOINTMENT
OF MOHAMMAD AKHTAR AS LEAD PLAINTIFF, AND APPROVAL OF
THE PROPOSED LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

| | |
|---|---|
| **POMERANTZ HAUDEK BLOCK GROSSMAN & GROSS LLP** | **LAW OFFICES OF RICHARD J. VITA, P.C.** |
| Stanley M. Grossman | Richard J. Vita |
| Marc I. Gross | 77 Franklin Street, Suite 300 |
| 100 Park Avenue | Boston, MA 02110 |
| New York, NY 10017 | Telephone: (617) 426-6566 |
| Telephone: (212) 661-1100 | |

**Attorneys for Proposed Lead Plaintiff Mohammad Akhtar**

Plaintiff Mohammad Akhtar ("Movant") respectfully submits this Memorandum of Law in Support of his Motion for an Order:

1. Consolidating the Related Actions;

2. Appointing Movant as Lead Plaintiff on behalf of purchasers of the common stock of Sonus Networks, Inc.("Sonus" or the "Company") during the period between April 9, 2003 and February 11, 2004 (the "Class Period"), and who were damaged thereby (the "Class"); and

3. Approving Lead Plaintiff's selection of Pomerantz Haudek Block Grossman & Gross LLP as Lead Counsel and Richard Vita as Local Counsel for the Class.

## INTRODUCTION

Over eighteen class action complaints have been filed in this Court against Sonus and certain of its officers and directors (the "Related Actions"). Each Related Action is predicated on similar facts and asserts that the market price of Sonus securities was artificially inflated during specified periods as a result of defendants' misrepresentations about the Company's financial health. All these actions allege that Sonus and it's executives, violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 by issuing a number of false financial statements.

Throughout the Class Period, the Sonus Networks' revenue and earnings results were artificially inflated through accounting chicanery in violation of Generally Accepted Accounting Principles ("GAAP"). In essence, the Company improperly booked revenue from its sales. The Company intentionally prematurely recognized revenue on the sale of its telephone-network equipment.

Plaintiff and other class members were unaware of this fraudulent scheme until February 11, 2004, when Sonus announced it may have to restate results for 2003 and earlier because sales had been prematurely recorded. The Company also announced a further delay in the release of its fourth quarter and year-end results.

Following the news reports of a possible restatement, Sonus Networks' common stock closed at $5.39, on February 12, 2004, down $2.11, or 28%, from its close of $7.50 on February 10, 2004. During the Class Period, Sonus Networks common stock traded as high as $9.91.

While plaintiff and Class members were injured as a result of these false and misleading financial reports, Company issued over $60 million of its stock to the public as a secondary offering. In addition, company insiders made over $2 million in insider stock sales while knowing the actual condition of the Company.

All of the claims of the plaintiffs in the Related Actions arise pursuant to Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder and are asserted on behalf of purchasers of Company common stock during the proposed class periods defined in those complaints.

Movant is applying to be appointed Lead Plaintiff as to the Section 10(b) and Rule 10b-5 claims raised only in the Related Actions on behalf of purchasers of shares of the common stock of Company during the period of defendants' wrongdoing. During the period that defendants were misrepresenting Company's financial results, Movant purchased 23,400 shares of Company common stock and incurred a loss of $45,440.[1] To Movant's knowledge, his losses exceed that of any other plaintiff in the Related Actions. Thus, pursuant to Section 21D of the PSLRA, Movant is presumptively the "most adequate plaintiff" and should be appointed Lead Plaintiff because he "has the largest financial interest in the relief sought by [the] class." Section 21D(a)(3)(B)(iii)(I)(bb). Movant has also moved for appointment of Pomerantz Haudek Block Grossman & Gross LLP as Lead Counsel to the proposed Class and Richard J. Vita as Local Counsel for the Class.

---

[1] Attached as Exhibit A to the accompanying Declaration of Marc I. Gross ("Gross Dec.") is Movants' Certificate detailing their transactions in Sonus during the Class Period.

## ARGUMENT

1. **THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES**

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). *See also Manual for Complex Litigation (3d)*, 20.123, at 13-14 (1995).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," *see* 15 U.S.C. 78u-4(a)(3)(A)(ii), and did not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a). *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1492-97 (11th Cir. 1985). Under the traditional principles of consolidation, complaints may be consolidated regardless of whether the individual claims or causes of action are identical. As such, one court has recently noted:

> The plain language of these authorities establishes that consolidation pursuant to Fed. R. Civ. P. 42 and PSLRA does not require that the actions in question be identical.

*In re Sunbeam Securities Litigation*, Case No. 98-8358-CIV-MIDDLEBROOKS, 1998 U.S. Dist. LEXIS 21490, at *6 (S.D. Fla. Dec. 7, 1998) (citing *Johnson v. Celotex*, 899 F.2d 1281, 1284 (2d Cir.), *cert. denied*, 498 U.S. 920 (1990)).

Here, the allegations in the complaints filed in all of the Related Actions are based on the same false statements, which occurred during the same time period, and allege the same violations of Sections 10(b) and 20(a) of the Exchange Act based on said false statement. Further, all of the complaints include the same core defendants.

The consolidation of these actions will expedite pretrial proceedings, reduce duplication, avoid contacting of parties and witnesses for inquiries in multiple proceedings and minimize the expenditure of time and money by all persons concerned. Moreover, consolidation will reduce the confusion and delay that may result from prosecuting these related class action cases separately.

### 2. MOHAMMAD AKHTAR SHOULD BE APPOINTED LEAD PLAINTIFF

#### A. The Procedural Requirements For Plaintiff's Motion Have Been Satisfied

The PSLRA sets forth procedures for the appointment of lead plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(1). The plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff.[2] The PSLRA requires the court to consider within 90 days all motions, filed within 60 days after publication of the notice, made by purported class members seeking appointment and to determine the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II), (a)(3)(B)(i); *In re Nanophase Techs. Corp. Litig.*, 1999 U.S. Dist. LEXIS 16171, at *15 (N.D. Ill. Sept. 30, 1999); *Pindus v. Fleming Cos.*, 146 F.3d 1224, 1225 n.1 (10th Cir. 1998).

In accordance with those requirements of the PSLRA, Notice of Pendency was duly published, Movant has timely filed his motion for appointment as lead plaintiff.

---

[2] Plaintiff in the first-filed action caused notice to be published on February 12, 2004. Attached as Exhibit B to the accompanying Declaration of Marc I. Gross ("Gross Declaration") is Cauley Geller Bowman & Rudman LLP's February 12, 2004 press release announcing a class action lawsuit has been filed against Sonus Networks, et al.

-5-

### B. Movant Satisfies All The Prerequisites For Appointment As Lead Plaintiff

The "most adequate plaintiff's provision of the PSLRA provides that a court

> shall appoint as lead plaintiff the member or members of the purported class that the court determines to be most capable of adequately representing the interests of class members (hereinafter in this paragraph referred to as the "most adequate plaintiff").

Section 21 D((a)(3)(B)(i)); 15 U.S.C. § 78u-4(a)(3)(B)(i). Moreover, the PSLRA directs court to adopt a rebuttable presumption

> that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that---(aa) has either filed the complaint, made a motion in response to a notice . . ., (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Section 21 D(a)(3)(B)(iii) (I); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Movant purchased 23,400 shares of Company common stock during the class period of defendant's wrongdoing and incurred out of pocket losses of approximately $45,440. Thus, Movant has a significant financial interest in the case and compared to any other plaintiff has the "largest financial interest in the relief sought by the class" and is presumptively the "most adequate plaintiff" here to serve as Lead Plaintiff. *See In re DonnKenny Inc. Securities Litigation*, 171 F.R.D. 156 (S.D.N.Y. 1997) (the determination of who has the "largest financial interest" should not be made with reference to "an aggregation of unrelated plaintiffs"). Movant clearly has a sufficient financial stake to ensure its continued active participation and its monitoring of counsel's prosecutions of the claims in the best interests of the Class.

Movant also satisfies the applicable requirements of Fed. R. Civ. P. 23. Like other Class members, Movant purchased shares of Company stock at a time when they were inflated by defendants' misrepresentations regarding its financial health. The claims asserted by Movant arise from the same events or course of conduct that gives rise to claims of other Class members and the claims are based on the same legal theory -- *i.e.*, the violation of the Exchange Act. Thus, Movant's claims are typical of those of other Class members and there is an

abundance of common questions of fact and law.

Movant is also an adequate representative of the Class because its interests are clearly aligned with the other members of the Class and there is no evidence of any antagonism between the interests of Movant and the Class as a whole. Moreover, Movant has already demonstrated his willingness and ability to fairly and vigorously represent the interests of the Class by signing the certification affirming his willingness to serve as, and assume the responsibilities of, a class representative. In addition, the Movant has selected counsel highly experienced in prosecuting securities class actions such as this.

### 3. LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL AND LOCAL COUNSEL SHOULD BE APPROVED BY THE COURT

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. See 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, a Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Movant has selected Pomerantz Haudek Block Grossman & Gross LLP as Lead Counsel for the Class, and Richard J. Vita as Local Counsel for the Class. The Pomerantz firm and Richard Vita have extensive experience in the area of securities litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors.[3] Accordingly, the Court may be assured that the Class will receive the highest caliber of legal representation available.

### CONCLUSION

For the foregoing reasons, Movant respectfully request that the Court: (1) consolidate the Related Actions; (2) appoint Mohammed Akhtar as Lead Plaintiff for the Class; and (3) approve Lead Plaintiff's selection of Pomerantz Haudek Block Grossman & Gross LLP as Lead Counsel for the Class and Richard J. Vita as Local Counsel for the Class.

---

[3] See Firm Resume of Pomerantz Haudek Block Grossman and Gross LLP, Gross Dec, at Exhibit C.

Dated: April 9, 2004

        Respectfully submitted,

        _____
        Richard J. Vita   (BBO# 510260)
        **LAW OFFICES OF RICHARD J. VITA, P.C.**
        77 Franklin Street, Suite 300
        Boston, MA 02110
        Telephone: (617) 426-6566

        **Proposed Local Counsel for Plaintiff**
        **and the Class**

        **POMERANTZ HAUDEK BLOCK**
         **GROSSMAN & GROSS LLP**
        Stanley M. Grossman
        Marc I. Gross
        100 Park Avenue
        New York, NY 10017
        Telephone: (212) 661-1100

        **Proposed Lead Counsel For Plaintiff**
        **and the Class**